## SOUTHERN PHOSPHATE CORPORATION v. PHOSPHATE RECOVERY CORPORATION.

### No. 1094.

District Court, D. Delaware.
May 12, 1937.

E. Ennalls Berl (of Ward & Gray), all of Wilmington, Del., and William H. Davis (of Pennie, Davis, Marvin & Edmonds) and John F. Neary (of Hoguet, Neary & Campbell), all of New York City, and John C. Foster, of Washington, D. C., for plaintiff.

Hugh M. Morris and Robert H. Richards (of Richards, Layton & Finger), all of Wilmington, Del., and Henry D. Williams and Howard M. Morse (of Williams, Rich & Morse), all of New York City, for defendant.

NIELDS, District Judge.

In this suit Southern Phosphate Corporation, plaintiff, charges Phosphate Recovery Corporation, defendant, with infringement of claims 1, 2, and 3 of U. S. patent No. 1,467,354 to Niels C. Christensen for a "Process of Concentrating Oxidized Ores and Minerals," issued September 11, 1923. The principal defense is noninfringement.

This suit was commenced a few months after defendant had brought a suit in this court (No. 1087) against plaintiff, in which plaintiff was charged with infringing Chapman and Littleford patent No. 1,968,008, for a process for "Concentration of Minerals." The principal defense in that case was invalidity. The Christensen patent was relied on as a complete anticipation. In that suit the Christensen patent received extended consideration. Although there is a wide range of scientific discussion in Christensen, it is not in any proper sense a generic patent entitled to a broad interpretation. Further, Christensen, being a paper patent, is not entitled to a construction broader than the claims clearly require or than the invention which is clearly disclosed. The Christensen patent had never been used by any one. Not a cent of royalty had ever been collected under this patent. It was sold for $2,500 to plaintiff on July 10, 1934, about eleven years after it issued.

In the opinion in case No. 1087 filed concurrently with this memorandum, this court held that the Christensen patent did not anticipate the "tabling" process of the claims of the Chapman and Littleford patent. The tabling process practiced by the defendant, admittedly the process of the Chapman and Littleford patent, does not infringe the Christensen patent and this court so finds. The same finding is made as to the froth flotation process practiced by defendant.

This memorandum and the opinion filed in case No. 1087 contain a statement of the essential facts and of the law applicable thereto in conformity with Equity Rule 70½, 28 U.S.C.A. following section 723.

The bill of complaint must be dismissed.